**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

PAUL L. BLACK,                          :
    Movant,                         :          CRIMINAL ACTION NO.
                                    :          1:12-CR-0016-RWS-JKL
    v.                              :
                                    :          CIVIL ACTION NO.
UNITED STATES OF AMERICA,       :          1:18-CV-0524-RWS-JKL
    Respondent.                     :

**FINAL REPORT, RECOMMENDATION**
**AND ORDER**

On March 18, 2014, Movant pled guilty to Counts 1-4 of the indictment,

which—as is discussed more fully below—charged Movant with various crimes in

connection with his operation of an illegal scheme in which he produced and sold

counterfeit credit cards and gift cards.  On December 12, 2014, this Court sentenced

Movant to a combined 180 months of incarceration to be followed by three years of

supervised release.  Movant appealed, and on February 1, 2017, the Eleventh Circuit

affirmed Movant's convictions and sentences.  United States v. Black, 678 F. App'x

870 (11th Cir. 2017).

Movant has now filed a pro se 28 U.S.C. § 2255 motion to vacate his

convictions and sentences, [Doc. 231 as amended Doc. 237], the Government has filed

its response, [Doc. 240], and Movant has filed his reply memorandum, [Doc. 249].

As determined below, Movant has failed to demonstrate that he is entitled to a hearing, and the matter is now before the undersigned for a determination of the § 2255 motion on its merits.  For the reasons set forth below, the undersigned recommends that the motion to vacate be **DENIED**.

## I. Background

In affirming Movant's convictions and sentences, the Eleventh Circuit described the facts of Movant's crimes as follows:

> On December 21, 2011, two people armed with shotguns broke into the home of Ednecdia Johnson and [Movant] in Jonesboro, Georgia. Johnson called the Clayton County Police to report the home invasion while an altercation occurred.  When the police arrived, they found one of the burglars with a gunshot wound to his head and [Movant] with a gunshot wound to his hand.  The police conducted a protective sweep of the home, and found a trail of blood leading to a room in the basement. The door to this room was locked, and the door handle was also covered in blood.
>
> The police forced open the door and saw inside blank credit cards, counterfeit drivers' licenses, blank check stock, equipment to produce credit cards and IDs, and about $200,000.  Based on what they saw, the police got a search warrant and searched the home the next morning with Secret Service Special Agents.  The contents in the basement room were the same as the day before, and the officers arrested Johnson and [Movant].
>
> The Secret Service's investigation found 97,922 unique credit and debit account numbers and 887 physical counterfeit cards at the home.

Black, 678 F. App'x at 872.

2

Movant and Johnson were indicted on charges of access device fraud–possessing counterfeit access devices, 18 U.S.C. § 1029(a)(3), access device fraud–possession of device-making equipment, 18 U.S.C. § 1029(a)(4), possessing five or more false identification documents, 18 U.S.C. § 1028(a)(3), and possession of a document-making implement, 18 U.S.C. § 1028(a)(5). [Doc. 2].

Relevant to the discussion below, the issue of whether the policemen who responded to the home invasion violated Defendants' Fourth Amendment rights in searching Defendants' home was hotly contested by Defendants. After extensive hearings on Defendants' motions to suppress evidence, this Court agreed with Defendants that certain photographs taken by the police responding to the home invasion where inadmissible but otherwise denied the motions to suppress, allowing the evidence of the contraband discovered in Movant's home to be admitted into evidence. [Doc. 119].

Defendants contended that there was no exigency that justified entry into the locked basement room. In disagreeing, this Court stated,

> Not only was it reasonable for the officers to enter the locked room, it would arguably have been unreasonable for them not to. [The Magistrate Judge] recounts the events that transpired prior to entry into the room which justify the actions of the officers. The officers who arrived on scene had heard radio traffic that there had been a home invasion and that several individuals were inside the house. After arriving, the officers found a kicked-in front door and a large puddle of blood, a sawed off

3

shotgun, and spent shell casings in the foyer, as well as two persons with gunshot wounds.  Based on these facts, the officers were reasonable in concluding that exigent circumstances existed that justified a protective sweep of the residence.

In addition to these facts, the presence of a trail of blood in the basement that led to the door of the locked room and blood smeared on the handle of that door justified the officers' decision to enter the locked room. Defendants assert that even if the officers' initial entry into the locked room was legal, their subsequent visits to the room without a warrant were illegal.  Further, because they used information gained in those subsequent visits, in the affidavit to obtain the search warrant, the warrant should be suppressed.  However, as [the Magistrate Judge] pointed out in the R&R, the information gained by the officers who initially entered the locked room was sufficient to support the issuance of the warrant. The Court agrees with this conclusion.

[Id. at 2-3 (citations to the suppression hearing transcript omitted)].

After this Court denied the motions to suppress—with the minor exception of the photographs mentioned above—both Defendants entered non-negotiated pleas of guilty to all counts of the indictment.  In his appeal, Movant raised three challenges to this Court's calculations under the Sentencing Guidelines, claiming that this Court erred in determining (1) the loss amount under U.S.S.G. § 2B1.1(b)(1), (2) the number of victims under § 2B1.1(b)(2)(B), and (3) the finding that he possessed firearms in connection with the offense under § 2B1.1(b)(15)(B).  The Eleventh Circuit concluded that Movant's challenges were unavailing.

4

## II. Discussion

### A. The Standard for Relief Under § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice.  United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . [this Court is] entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015).

An evidentiary hearing is not warranted in connection with a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Fontaine v. United States, 411 U.S. 213, 215 (1973).

AO 72A
(Rev.8/82)

**B. Ineffective Assistance of Counsel**

As discussed below, all of Movant's grounds of relief raise various claims of ineffective assistance of trial and appellate counsel. The Sixth Amendment guarantees a defendant the effective assistance of counsel at "critical stages of a criminal proceeding," including when he enters a guilty plea. Lafler v. Cooper, 566 U.S. 156, 165 (2012). In order to establish a claim of ineffective assistance, Movant must demonstrate that his attorney rendered deficient performance, meaning that the attorney's performance fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In order to overcome the presumption that counsel rendered reasonable and adequate assistance, the defendant must establish that no competent counsel would have taken the action that his counsel took. See Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Movant must also demonstrate that his counsel's deficient performance was prejudicial. See Strickland, 466 U.S. at 691-92. The burden of establishing that counsel's deficient performance prejudiced the defense is a high one. Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006); Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). "Under the prejudice prong of Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Sullivan, 459 F.3d at 1109 (quoting Grayson v. Thompson, 257 F.3d

AO 72A
(Rev.8/82)

1194, 1225 (11th Cir. 2001)). Rather, to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In evaluating a claim under Strickland, this Court may "dispose of the ineffectiveness claim on either of its two grounds." Atkins v. Singletary, 965 F.2d 952, 959 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S. Ct. 2624, 132 L. Ed. 2d 865 (1995); see Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffectiveness claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

The two-prong, performance/prejudice standard of ineffective assistance of counsel articulated in Strickland is likewise applicable to claims of ineffective assistance of appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285 (2000). Additionally, the Supreme Court has noted that appellate counsel need not advance every possible argument on behalf of his client, even those that are non-frivolous, and should instead concentrate his advocacy on "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751 (1983).

## C. Discussion of Movant's Claims

### 1. Ground One

In his Ground One, Movant argues that his trial counsel was ineffective for failing to properly investigate his case and, as a result, he was not prepared to effectively argue in favor of suppressing the evidence the Government intended to introduce against Movant.  Movant argues that he recognized that counsel was unprepared, and he opted to plead guilty to avoid the longer sentence he would receive after a trial.

In support of this ground, Movant makes unsupported claims that counsel's investigation was lacking and that he presented mere boilerplate arguments in support of the motion to suppress that were not applicable to the facts of the case.  According to Movant, "Counsel put forth no witness, interviewed no witness, in light of the government's position, who introduced witnesses who attested to facts, which were left unrefuted became the truth of the matter." [Doc. 237-1 at 7].  In his only argument tending to demonstrate prejudice, Movant claims that his trial counsel should have raised an argument during the suppression hearing that the police officers who entered the locked room did not have sufficient training to determine that the room contained evidence of credit card fraud.

At the outset, the undersigned agrees with the Government that the record clearly refutes Movant's contention that his trial counsel was unprepared and failed to aggressively litigate the motions to suppress.  In his own sworn testimony during the plea colloquy, Movant stated that he was satisfied with his trial counsel's representation.  [Doc. 159 at 27]; see United States v. Green, 275 F. App'x 941, 944 (11th Cir. 2008) (noting that "there is a strong presumption that statements made during the plea colloquy are true . . . . Consequently, a defendant bears a heavy burden to show his statements under oath were false.") (citation and quotation omitted). Moreover, trial counsel extensively briefed his arguments in favor of suppression of the seized evidence, and during the three-day suppression hearing, he thoroughly cross-examined the Government's witnesses.  In direct contradiction to Movant's argument that trial counsel called no witnesses, counsel, in fact, called four witnesses during the suppression hearing.   [Docs. 88 at 363; 89 at 480, 496, 529].

The undersigned further notes that any police officer with normal police training is qualified to determine that evidence of a crime exists in a room containing blank credit cards, counterfeit drivers' licenses, blank check stock, equipment to produce credit cards and IDs, and approximately $200,000 in cash.  "Probable cause merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband; it does not

demand any showing that such a belief be correct or more likely true than false.  A practical, nontechnical probability that incriminating evidence is involved is all that is required." United States v. Susini, 261 F. App'x 270, 273 (11th Cir. 2008) (discussing officers finding blank credit cards in plain sight in the defendant's residence) (citations, quotations and alterations omitted).

It is thus clear that the record clearly demonstrates that Movant's trial counsel was not deficient in arguing in favor of his motion to suppress, and Movant has entirely failed to demonstrate prejudice under Strickland.  The undersigned thus concludes that Movant is not entitled to relief for the claims asserted in his Ground One.

### 2. Ground Two

In his Ground Two, Movant argues that appellate counsel was ineffective in failing to raise a challenge on direct appeal regarding this Court's exclusion of his expert witness' testimony during the suppression hearing.  He further claims that trial counsel was ineffective in choosing an unqualified expert.

The expert in question, William T. Gaut, was proposed by trial counsel to testify generally that the police exceeded their authority in conducting a search, under the guise of a protective sweep, of Movant's residence.  Gaut's testimony was clearly

10

inadmissible because he offered what a amounted to a legal opinion that the police had violated Movant's rights.

Appellate counsel was not ineffective for failing to raise this issue on appeal because expert legal opinion is clearly inadmissible under Fed. R. Evid. 702. Movant's claim that trial counsel was ineffective for choosing an unqualified expert likewise fails because the fact that the Gaut's testimony was inadmissible had nothing to do with his qualifications.  Moreover, Movant has not made any argument to establish prejudice because he has not proposed what a properly qualified expert could have testified to that would have made any difference in the outcome of the suppression hearing.  Indeed, given the facts of the case, it is difficult to determine what a defense expert could have testified about.  Because Movant has failed to establish that either appellate counsel or trial counsel was ineffective in connection with Movant's claims regarding the testimony of Movant's proposed expert, the undersigned concludes that Movant is not entitled to relief for the claims asserted in his Ground Two.

### 3. Ground Three

In his Ground Three, Movant argues that appellate counsel was ineffective in raising challenges to this Court's Guidelines calculations rather that raising issues

related to  the this Court's failure to suppress evidence and the voluntariness of his guilty plea.

This Court agrees with the Government that Movant's proposed appellate strategy of raising challenges related to the motions to suppress would have failed. "'A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant.'" United States v. Brown, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986)).  Additionally, Movant has failed to even argue that his appellate counsel's purported failure caused him prejudice because he has not presented any argument that appellate counsel could have raised to establish that the evidence seized by the police should have been suppressed.

Movant has likewise failed to establish that he has a valid claim that his guilty plea was involuntary.  His only argument to that effect is that he was compelled to plead guilty because his trial counsel was unprepared, and this Court has already determined that claim to be unavailing.

As a result Movant has failed to demonstrate prejudice under Strickland, and the undersigned thus concludes that Movant is not entitled to relief with respect to the claims he raised in his Ground Three.

### 4. Grounds Four and Five

In his Ground Four, Movant argues that trial counsel was ineffective in challenging this Court's methodology and calculations used to determine Movant's sentence under the Guidelines.[1]  In his Ground Five, Movant contends that trial counsel was ineffective in failing to properly argue in opposition to the firearm enhancement under the Guidelines.  Pretermitting the fact that the record clearly demonstrates that trial counsel vigorously and effectively challenged this Court's calculations and findings under the Guidelines, the undersigned points out that Movant challenged this Court's Guidelines calculations in his appeal and the Eleventh Circuit determined that (1) this Court's use of statistical sampling was a reasonable method for estimating the total loss amount, (2) basing the loss amount on intended loss rather than actual loss was appropriate, (3) this Court properly determined the number of victims, and (4) this Court's finding that Movant constructively possessed two firearms in connection with his offenses was not erroneous.  Black, 678 F. App'x at 870.  Movant has not presented any valid arguments that challenge this Court's calculations and findings under the Guidelines that were not considered and rejected

---

[1]     In his Ground Four, Movant also again argues that trial counsel was ineffective in (1) arguing for the suppression of evidence and (2) selecting an expert to testify at the suppression hearing.  This Court has already determined that Movant is not entitled to relief based on these claims.

by the Eleventh Circuit.  As such, Movant has not demonstrated that he was prejudiced by any purported failures by trial counsel in relation to this Court's calculations under the Guidelines, and Movant is thus not entitled to relief with respect to the claims raised in his Grounds Four and Five.

### 5. Ground Six

In his Ground Six, Movant raises a claim of cumulative error based on the ineffective assistance of his counsel.  "The cumulative error analysis' purpose is to address the possibility that '[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.'"  United States v. Mendoza, Case No. 05-2054, 2007 WL 1575985, at *18 (10th Cir. June 1, 2007) (quoting United States v. Rosario Fuentez, 231 F.3d 700, 709 (10th Cir. 2000)).  Neither the Supreme Court nor the Eleventh Circuit have held that the cumulative error doctrine applies in the context of claims of ineffective assistance of counsel, see Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 564 (11th Cir. 2009), but to the degree that the doctrine would apply, Movant's claim fails.  In order for this Court to perform a cumulative error analysis, there first must be errors to analyze, and as the discussion above demonstrates, this Court has not identified any instances of deficient performance by counsel.  The undersigned thus concludes that Movant is not entitled to relief as to his Ground Five.

14

## D. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing  the denial of a motion to vacate.  28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B).  A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)).  Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here.  See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case).  Based on the discussion above, the undersigned now finds that there is no reasonable argument that any of Movant's grounds has merit, and a COA should not issue in this matter.

15

### III. Conclusion

Based on the foregoing, the undersigned concludes that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Accordingly, Movant's request for an evidentiary hearing is **DENIED**.

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion to vacate his convictions and sentences, [Doc. 231 as amended Doc. 237], be **DENIED** and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED ,** this 31st day of May, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

16

AO 72A
(Rev.8/82)