# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| PAUL L. BLACK, | : | |
| --- | --- | --- |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:12-CR-0016-RWS-JKL |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:18-CV-0524-RWS-JKL |
| Respondent. | : | |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant 28 U.S.C. § 2255 motion to vacate be denied. [Doc. 251]. Petitioner has filed his objections in response to the R&R. [Doc. 256].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

On March 18, 2014, Movant pled guilty to Counts 1-4 of the indictment, which charged Movant with various crimes in connection with his operation of an illegal scheme in which he produced and sold counterfeit credit cards and gift cards. On December 12, 2014, this Court sentenced Movant to a combined 180 months of incarceration to be followed by three years of supervised release. After Movant's unsuccessful appeal, he filed the now pending § 2255 motion. [Doc. 231 as amended Doc. 237]. After the Government responded,[Doc. 240], and Movant has filed his reply memorandum, [Doc. 249], the Magistrate Judge issued his R&R, concluding that Movant is not entitled to relief.

All of Movant's grounds for relief raised claims of ineffective assistance of trial or appellate counsel. The Magistrate Judge concluded that (1) the record clearly refutes Movant's claim that his trial counsel was unprepared and failed to aggressively litigate his motions to suppress the evidence seized at his home, (2) Appellate counsel was not ineffective for failing to challenge the trial court's exclusion of Movant's proposed expert testimony because that testimony was clearly inadmissible, (3) appellate counsel was not ineffective in failing to raise issues related to this Court's failure to suppress evidence and the voluntariness of his guilty plea because those arguments lacked merit, (4) trial counsel was not ineffective for failing to properly argue against this Court's loss calculation under the guidelines because Movant failed

2

to present any valid arguments that challenge this Court's calculations and findings under the Guidelines that were not considered and rejected by the Eleventh Circuit, and (5) Movant's claim of cumulative error failed because there was no error.

In his objections, Movant first contends that the Magistrate Judge erred in determining that his trial counsel was not ineffective for failing to argue that the loss amount attributed to Movant was inaccurate. However, Movant's arguments are foreclosed by the Eleventh Circuit's determination in his appeal that this Court's use of statistical sampling was a reasonable method for estimating the total loss amount, and basing the loss amount on intended loss rather than actual loss was appropriate. United States v. Black, 678 Fed. Appx. 870, 870 (11th Cir. 2017). "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation and quotation omitted). As this Court is bound by the Eleventh Circuit's determinations, Movant cannot demonstrate that he was prejudiced by his trial counsel's purported failure to challenge this Court's loss amount calculation.

Movant next argues that his trial counsel was ineffective for failing to argue that the home where the police discovered credit and debit account numbers and counterfeit cards was not leased in Movant's name and that there was no evidence

AO 72A
(Rev.8/82)

connecting him to the contraband. In response, this Court points out that when Movant pled guilty, he admitted to engaging in the illegal conduct for which he was convicted, and that admission forecloses any challenge to the sufficiency of the evidence possessed by the Government. See United States v. Broce, 488 U.S. 563, 570 (1989). To the degree that Movant claims that his counsel's supposed failures compelled him to plead guilty, this Court's review of the record demonstrates that the Magistrate Judge was correct in finding that Movant's trial counsel clearly was not unprepared and aggressively and effectively litigated Movant's case.

Accordingly, this Court now holds that the Magistrate Judge's findings and conclusions are correct. As such, the R&R, [Doc. 251], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 231 as amended Doc. 237], is **DENIED**. The Clerk is **DIRECTED** to close Case No. 1:18-CV-0524-RWS.

This Court further agrees with the Magistrate Judge that Petitioner has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 14th day of August, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)